IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-72,110-02






EX PARTE DAVID T. MCGARY, AKA DAVID SANDERS, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 4006 IN THE 46TH DISTRICT COURT


FROM HARDEMAN COUNTY





 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession of a
controlled substance and sentenced to ninety-nine years' imprisonment. The Seventh Court of
Appeals affirmed his conviction. McGary v. State, No. 07-07-00503-CR (Tex. App.-Amarillo 2008,
no pet.).

 Applicant contends that his appellate counsel rendered ineffective assistance because counsel
failed to advise him of his right to petition for discretionary review pro se. On August 19, 2009, we
remanded this application for findings of fact and conclusions of law. On remand, the trial court
adopted the State's proposed findings of fact and conclusions of law and recommended that we deny 
relief. In its proposed findings and conclusions, the State noted that appellate counsel "sent
Applicant a letter dated September 11, 2008, informing Applicant of the mandate and including 
instructions that a petition for discretionary review would need to be filed by Applicant within thirty
days of the date of the mandate." Accordingly, the State concluded that Applicant was advised of
his right to file a petition for discretionary review. We believe that the record should be further
developed. On the record before this Court, appellate counsel advised Applicant that his conviction
had been affirmed well after the deadline for filing a petition for discretionary review. (1) The trial court
shall order appellate counsel to file a second affidavit and explain whether he timely advised
Applicant that his conviction had been affirmed. See Ex parte Wilson, 956 S.W.2d 25 (Tex. Crim.
App. 1997). 

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent him at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make further findings of fact as to whether Applicant's appellate counsel
timely advised Applicant that his conviction had been affirmed. The trial court shall also make any
other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition
of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 


Filed: February 3, 2010

Do not publish

1. "The [first] petition must be filed within 30 days after either the day the court of appeals'
judgment was rendered or the day the last timely motion for rehearing was overruled by the court
of appeals." Tex. R. App. P. 68.2.